UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
LORETTA LYON, *pro se*,                          :
                                                 :
                          Plaintiff,             :
                                                 :
         -against-                               :     **MEMORANDUM AND ORDER**
                                                 :
DENNIS LYON and BECKY GENOVESI,                  :     09-CV-3609 (DLI)
                                                 :
                          Defendants.            :
-------------------------------------------------------x

**DORA L. IRIZARRY, United States District Judge:**

Plaintiff Loretta Lyon, appearing *pro se,* filed the instant complaint on July 31, 2009. On that date, plaintiff also moved for the appointment of counsel and leave to proceed *in forma pauperis*. For the reasons set forth below, plaintiff is granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 for purposes of this Order, but her request for the appointment of counsel is denied as moot in light of the court's dismissal of the complaint in its entirety.

### BACKGROUND

Plaintiff Loretta Lyon, currently residing in Queens, New York, filed this action against her husband, Dennis Lyon and Becky Genovesi,[1] residents of Barstow, California. Plaintiff alleges that Dennis Lyon committed: (1) fraud in the course of their divorce proceedings in California by representing that the property they owned and lived in "had current mortgage payments," and by "asking for a property restraining order on all assets," which apparently prohibited the Lyons from disposing of any marital property; (2) theft because he failed to "return all the personal items [plaintiff] had in the marital home;" (3) libel "because Dennis Lyon said in his statement for dissolution" that plaintiff and her son were drug users; (4) defamation

---

[1] Genovesi appears to work in the California state court where plaintiff's divorce proceeding was held.

1

because Dennis Lyon "told complete untruths that [were] personally damaging," thereby precluding the possibility that plaintiff would "get a fair trial on any level in this small community;" (5) abandonment because he "filed a petition for dissolution that says [he and plaintiff] legally separated in 2005," even though, according to plaintiff, she can prove they "were still communicating and conducting business as man and wife until January of 2007 (when Lyon ceased supporting plaintiff financially);" and (6) perjury by representing that, *inter alia*, "all [marital] property was already his and is separate when in fact all property monies [were] mingled as community [sic] during refinancing and the bills for the properties [were] paid for with community money or assets." (Compl. at 2-3.) Plaintiff also alleges that

> Dennis Lyon has been allowed to cause me severe emotional distress without any relief. He has lost my home and stolen my belongings, and caused a break in the life style [sic] to which I had become accustomed during the marriage. . . . I am requesting a change of venue and this matter not be held in a California court in the county or city he resides in as I will not get a fair trial here. . . . Dennis Lyon should have been paying spousal support and I never should have been forced to ask for welfare.

(Compl. at 3.) Plaintiff further states that Genovesi:

> and other unnamed associates did purposefully and deliberately mislead me during the commission of their jobs regarding my document submissions. I am entitled to act pro per [sic] and I was treated with extreme prejudice by Ms. Genovesi while trying to get information about the documents to file. I did not ask for legal advice ever, only procedural information and it was always denied or made unclear so I could not get my evidence into the record. She would return everything in the beginning but then she stopped even giving me the option to correct whatever she decided was wrong and just kept the forms and weeks later would say they were not filled out properly and would not be considered.

(*Id.*) Finally, plaintiff states that "the injustice [in] this case is unparallel [sic] to any catastrophe in [her] family's life and ask[s] for a higher court to hear the facts of the matter." (Compl. at 4.) Plaintiff seeks monetary damages of $500,000. (Compl. at 1.)

**DISCUSSION**

A district court *shall* dismiss a case at any time, if the court determines that the action (1) is frivolous, malicious or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B) (emphasis added). In evaluating the complaint, the court must accept as true all of the factual allegations and must draw all inferences in plaintiffs favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999).

Although plaintiff is proceeding *pro se,* and her complaint is held to less stringent standards than pleadings drafted by lawyers, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), she still must establish that the court has subject matter jurisdiction over the action. *See, e.g., Rene v. Citibank NA*, 32 F. Supp. 2d 539, 541-42 (E.D.N.Y. 1999) (dismissing *pro se* complaint for lack of subject matter jurisdiction). The subject matter jurisdiction of the federal courts is limited. The basic statutory grants of federal court subject matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. *Arbaugh v. Y&H Corp.,* 546 U.S. 500 (2006). Section 1331 provides federal-question jurisdiction and § 1332 provides diversity of citizenship jurisdiction. *Id.* A plaintiff properly invokes § 1332 jurisdiction when he presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000. *Id.* (citing § 1332(a)). Where jurisdiction is lacking, dismissal is mandatory.

A. <u>Claims Against Dennis Lyon</u>

Here, it appears that complete diversity exists among the parties, and the amount in controversy alleged satisfies the jurisdictional amount. However, to the extent the complaint raises issues relating to the Lyons' divorce agreement or decree, the court must consider whether the domestic relations exception to a federal court's subject matter jurisdiction applies. In

3

*Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992), the Supreme Court reaffirmed this domestic relations exception, even in the context of diversity jurisdiction, stating that the exception "divests federal courts of jurisdiction to issue divorce, alimony and child custody decrees." Plaintiff's claims against her ex-husband fall within the class of cases excluded by *Ankenbrandt* and its progeny because the gravamen of her claims appear to involve the issuance, adjudication and review of divorce and alimony decrees, which are at the core of the domestic relations exception. "As a matter of judicial economy, state courts are more eminently suited to work of this type than are federal courts . . . ." *Id.* at 703-04. *See also Schottel v. Schottel*, 2009 WL 230106, at *1 (2d Cir. Feb. 2, 2009). Accordingly, the court does not have jurisdiction to intervene and decide plaintiff's claims because they appear to be inextricably intertwined with the California divorce and alimony decrees. Although plaintiff attempts to couch her claims in terms of state law tort claims, it is abundantly clear that she is asking the court to review the decrees that adjudicated the rights between her and her ex-husband in relation to their marriage. Such is not the role of the federal courts. The domestic relations exception requires the court to dismiss the claims brought against defendant Lyon. Accordingly, the claims asserted against defendant Lyon are hereby dismissed with prejudice.

    B. <u>Claim Against Becky Genovesi</u>

The intentional infliction of emotional distress ("IIED") claim brought against Genovesi must also be dismissed. The elements of a cause of action for IIED are: (1) defendant's outrageous conduct; (2) defendant's intention to cause, or reckless disregard of the probability of causing, emotional distress; (3) plaintiff's suffering severe or extreme emotional distress; and (4) an actual and proximate causal link between the tortious (outrageous) conduct and the emotional distress. *Nally v. Grace Community Church of the Valley*, 763 P.2d 948, 961 (Cal. 1988), *cert.*

*denied*, 490 U.S. 1007 (1989). "The conduct to be outrageous must be so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Id.* (citations omitted). Conduct is extreme and outrageous when it is of a nature which is especially calculated to cause, and does cause, mental distress. Liability does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities. *Fisher v. San Pedro Peninsula Hosp.*, 262 Cal. Rptr. 842, 857 (Cal. Ct. App. 1989).

Plaintiff alleges that Genovesi showed her "prejudice" throughout her divorce proceedings by failing to provide her the proper procedural advice concerning the submission of certain documents to the court, and denying her the opportunity to correct defective court submissions. Plaintiff further claims that when she complained about this treatment, Genovesi told her to "Get a lawyer." (Compl. at 3.) According to plaintiff, this conduct caused her "extreme emotional distress and illness." (*Id.* at 2.) Plaintiff's claim must be dismissed because she has failed to plead the purported "extreme emotional distress" with the sufficiency necessary to raise the right to relief above the speculative level. Plaintiff must do more than merely recite the elements of a cause of action to adequately state a claim. *Iqbal v. Ashcroft*, 129 S. Ct. 1937, 1951 (2009) ("bare assertions" that "amount to nothing more than a formulaic recitation of the elements" of a cause of action, "are conclusory and not entitled to be assumed true"). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007). Accordingly, plaintiff's claim of IIED against Genovesi is dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

C. <u>Plaintiff's Request for Counsel</u>

"While a court may *request* counsel for an indigent litigant in civil cases, it cannot appoint counsel." *Avent v. Solfaro*, 223 F.R.D. 184, 186 (S.D.N.Y. 2004); *see also* 28 U.S.C.A. §

1915(e)(1) (1996). The court has "broad discretion" in ruling on motions of this nature. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). In exercising this discretion, a court should be mindful that requests for civil counsel "are not to be granted routinely, because 'every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause.'" *Barnes v. Nuttail*, 2009 WL 87207, at *1 (W.D.N.Y. Jan. 9, 2009) (quoting *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989)). The threshold determination is "whether the litigant is able to afford or otherwise obtain counsel." *Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994). Assuming the litigant is indigent, a court should then:

> determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in th[e] case why appointment of counsel would be more likely to lead to a just determination.

*Id.* (quoting *Hodge*, 802 F.2d at 61–62). "Even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor." *Barnes*, 2009 WL 87207, at *1 (quoting *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit)).

Here, plaintiff's successful request to proceed *in forma pauperis* satisfies the threshold requirement. *See Avent*, 223 F.R.D. at 186. However, none of the other factors weigh in favor of the court requesting counsel for her. Indeed, plaintiff's application is moot in light of the court's dismissal of the claims against defendant Lyon for lack of subject matter jurisdiction, and against defendant Genovesi for failure to state a claim upon which relief can be granted. Accordingly,

6

the court declines to make such a request.

## **CONCLUSION**

For the reasons set forth above, plaintiff's request to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915 for the purposes of this Order, and her request for the appointment of counsel is denied as moot in light of the court's dismissal of the complaint in its entirety. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED

DATED:  Brooklyn, New York
March 22, 2010

_____/s/_____
Dora L. Irizarry
United States District Judge